# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-059-DRH |
| | ) |
| KRISTIN KWASNIEWSKI | ) |
| HAMMERSLEY and GRACE HART, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff originally filed this action in state court, alleging claims of medical malpractice and civil conspiracy. After Plaintiff amended his complaint to include a constitutional claim, Defendants removed the action to this District. This case is now before the Court for a preliminary review of the amended complaint (Doc. 3-6) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the amended complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A;

portions of this action are subject to summary dismissal.

## COUNT 1

Plaintiff states that since his arrival at Tamms in January 2004, he has self-mutilated on more than 100 occasions, and that Defendant Kristin Hammersley is well-aware of his propensity for self-mutilation. On February 21, 2007, Plaintiff inflicted a three-inch wound on his left leg. He was placed on suicide watch, during which he inflicted a six-inch cut on his right arm. Hammersley documented these injuries, and she discontinued the suicide watch on February 22. On February 23, 2007, at approximately 9:30 AM, Plaintiff advised Hammersley that he wanted to be placed on suicide watch. Hammersley said "Why?" and then walked away. About 20 minutes later, Plaintiff inflicted a four-inch cut on his right forearm. Plaintiff alleges that in releasing him from suicide watch, and then later refusing to reinstate that watch, Hammersley was deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss Count 1 at this time.

## COUNT 2

Plaintiff's second claim sounds in negligence under state law. Plaintiff states that after the incident on February 23, he was taken to the nurses station for medical treatment. He claims that Defendant Grace Hart failed to note his injuries in his medical records, in disregard of her duty as a nurse and in violation of I.D.O.C. rules.

As pointed out in Defendants' motion to dismiss (Doc. 6), Plaintiff has not complied with the provisions of 735 ILCS 5/2-622. That statute requires that when filing a complaint for medical malpractice, a plaintiff must file with the complaint an affidavit documenting consultation with a health professional. In his response (Doc. 12), Plaintiff argues that Section 5/2-622 is inapplicable because he brings this claim under common law negligence, not medical malpractice.

Plaintiff is splitting hairs. Defendant Hart is employed as a medical professional by the I.D.O.C., and part of her duty as a medical professional involves keeping accurate medical records. Her alleged failure to perform that duty is a claim of medical negligence, and thus Section 5/2-622 applies. Furthermore,

> '[i]n a medical malpractice case, Illinois law mandates a plaintiff prove (1) the proper standard of care by which to measure the defendant's conduct, (2) a negligent breach of the standard of care, and (3) resulting injury proximately caused by the defendant's lack of skill or care. *Gorman v. Shu-Fang Chen, M.D., Ltd.*, 231 Ill.App.3d 982, 986 [173 Ill.Dec. 471], 596 N.E.2d 1350, 1353 (1992). Necessary to the establishment of a prima facie case of medical negligence is the presentation of expert testimony to establish the applicable standard of care, a deviation from the standard, and the resulting injury to the plaintiff. *Addison v. Whittenberg*, 124 Ill.2d 287, 297 [124 Ill.Dec. 571], 529 N.E.2d 552, 556 (1988).' *Higgens v. House*, 288 Ill.App.3d 543, 546, 223 Ill.Dec. 886, 680 N.E.2d 1089, 1092 (1997).

*Jones v. Dettro*, 308 Ill.App.3d 494, 498, 720 N.E.2d 343, 346, 241 Ill.Dec. 888, 891 (Ill.App. 4 Dist. 1999). In this case, Plaintiff does not allege that he suffered any harm as a result of Hart's

alleged failure to note his injuries in his medical records.

Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Plaintiff has failed to file the necessary affidavit. He has also failed to state a claim upon which relief may be granted. Therefore, Defendants' motion to dismiss Count II is **GRANTED**; this claim is **DISMISSED without prejudice** from the action. The Plaintiff, in this prison setting is presumed to be in a very difficult position relative to the attainment of an affidavit and the Court will, therefore, accord him additional time to obtain an affidavit and correct his pleadings in order to attempt to bring his complaint into compliance.

## COUNT 3

In his final claim, Plaintiff alleges a civil conspiracy between Hammersley and Hart. This alleged conspiracy resulted in Hart's failure to note Plaintiff's February 23 injuries in his medical records. In their motion to dismiss, Defendants argue that Plaintiff has failed to state a claim for civil conspiracy, under state or federal law. They correctly state that

> the elements of a civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act.

*Fritz v. Johnston*, 209 Ill.2d 302, 317, 807 N.E.2d 461, 470, 282 Ill.Dec. 837, 846 (Ill. 2004).

In this case, Plaintiff does not set forth any separate allegations under Count III; instead, he simply incorporates by reference paragraphs 18-20, his allegations in Count II. The only reference to conspiracy is in paragraph 20:

> In conspiracy with the defendant Kristin Kwasniewski Hammersley – to downplay the seriousness of the event – the defendant Grace Hart intentionally withheld plaintiff's injuries from the plaintiff's medical records.

Doc. 3-6 at 4.

The Court agrees with Defendants – this allegation is factually and legally insufficient to state a claim for civil conspiracy under Illinois state law. As for federal civil conspiracy, Plaintiff clarifies in his response that he did not intend to present such a claim under federal law. Accordingly, Defendants' motion to dismiss Count III is **GRANTED**; this claim is **DISMISSED without prejudice** from the action.

## AMENDMENT

If Plaintiff intends to file an amended complaint to correct the defects in Counts II and III, he is granted leave to do so for a period of 60 days.

## REFERRAL

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   July 25, 2008.**

                                              /s/     DavidRHerndon
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**