IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY GAY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **08-059-DRH** |
| **KRISTIN KWASNIEWSKI HAMMERSLY,** | ) ) ) ) |
| Defendant. | ) ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. **(Doc. 27)**.

Plaintiff Anthony Gay is an inmate in the custody of the IDOC. He filed suit under 42 U.S.C. §1983 for violation of his Eighth Amendment rights. He originally filed suit in state court, and the case was removed. On preliminary review, the court dismissed plaintiff's state law claims, and dismissed as to defendant Grace Hart. The only claim now remaining is against defendant Hammersley for deliberate indifference to his serious medical needs. That claim has been construed as follows:

> Plaintiff states that since his arrival at Tamms in January 2004, he has self-mutilated on more than 100 occasions, and that Defendant Kristin Hammersley is well-aware of his propensity for selfmutilation. On February 21, 2007, Plaintiff inflicted a three-inch wound on his left leg. He was placed on suicide watch, during which he inflicted a six-inch cut on his right arm. Hammersley documented these injuries, and she discontinued the suicide watch on February 22. On February 23, 2007, at approximately 9:30 AM, Plaintiff advised Hammersley that he wanted to be placed on suicide watch. Hammersley said "Why?" and then walked away. About 20 minutes later, Plaintiff inflicted a four-

1

inch cut on his right forearm. Plaintiff alleges that in releasing him from suicide watch, and then later refusing to reinstate that watch, Hammersley was deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment.

**See, Doc. 28. P. 2**.

In the instant motion, plaintiff states that he cut and mutilated himself in June and July, 2008. He suggests that he has not been seen by the psychiatrist as frequently as he should have been. He further suggests that the reason he has not been seen is that defendant Hammersley and "her agents" (the mental health team) will not make a referral for him. Plaintiff asks the court to order that he be examined by a court-appointed psychiatrist and physician.

A party seeking a preliminary injunction must demonstrate: (1) no adequate remedy at law exists, (2) he will suffer irreparable harm if the injunction is not granted, (3) he has a reasonable likelihood of success on the merits of the underlying claim, (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction is granted, and (5) the injunction will not harm the public interest. ***Kiel v. City of Kenosha,* 236 F.3d 814, 815-16 (7th Cir.2000).**

Plaintiff's motion should be denied. He cannot show a reasonable likelihood of success on the merits of the underlying claim because the sufficiency of psychiatric visits in 2008 is not an issue in this case. The only pending claim is that Hammersley acted with deliberate indifference by taking plaintiff off suicide watch on February 22, 2007, and by refusing to reinstate suicide watch the next day. If plaintiff believes that the health care provided to him in 2008 is constitutionally deficient, he may make that claim in another lawsuit, after exhausting his administrative remedies.

Further, plaintiff's motion rests on the proposition that he needs to be seen by a

psychiatrist each time he threatens to harm himself. That proposition is not self-evident, and this court is not qualified to reach that conclusion. In fact, plaintiff's medical records contain entries stating that plaintiff is not "seriously mentally ill and constant attention reinforces acting out behavior." **Doc. 36, Ex. A, p. 13**. Another entry states "Mr. Gay's self-harm was calculated and manipulative. He has a lengthy history of engaging in self-harm when he is mad at staff and/or to address non-mental health issues...." **Doc. 36, Ex. A, pp. 20-21**, attached to the memorandum in support of defendant's motion for summary judgment.

In essence, plaintiff is asking this court to conclude that the psychiatric treatment that was rendered to him in 2008 was constitutionally inadequate, and to shoulder the responsibility of providing psychiatric and medical care to him. This court has no authority to do so.

## Recommendation

This court recommends that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **(Doc. 27)** be **DENIED**.

**Objections to this Report and Recommendation must be filed on or before February 2, 2009.**

**Submitted: January 13, 2009.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**