# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY GAY, B62251,

Plaintiff,

v.

KRISTIN KWASNIEWSKI
HAMMERSLEY,                                            No. 08-59-DRH

Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

This matter is now before the court on a Report and Recommendation ("Report") filed by Magistrate Judge Proud requesting that Plaintiff Gay's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 27) be denied (Doc. 46). Gay has filed an objection to the Report. Based on the following, the Court adopts the Report in its entirety.

Plaintiff Anthony Gay, an inmate in the custody of IDOC, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Kristin Kwasniewski Hammersley, claiming that she was deliberately indifferent to his serious medical needs. Plaintiff originally filed his suit in state court and the case was removed. On preliminary review, the court dismissed Plaintiff's state law claims, and dismissed all claims as to defendant Grace Hart. The only claim remaining is his claim for deliberate indifference to his serious medical needs against Defendant Hammersley.

Specifically, Plaintiff alleges that:

> since his arrival at Tamms in January 2004, he has self-mutilated on more than 100 occasions, and that Defendant Kristin Hammersley is well-aware of his propensity for self-mutilation. On February 21, 2007, Plaintiff inflicted a three-inch wound on his left leg. He was placed on suicide watch, during which he inflicted a six inch cut on his right arm. Hammersley documented these injuries, and she discontinued the suicide watch on February 22. On February 23, 2007, at approximately 9:30 a.m., Plaintiff advised Hammersley that he wanted to be placed on suicide watch, Hammersley said "Why?" and then walked away. About 20 minutes later, Plaintiff inflicted a four-inch cut on his right forearm. Plaintiff alleges that in releasing him from suicide watch, and then later refusing to reinstate that watch, Hammersley was deliberately indifferent to his serious medical needs, in violation of his rights under the Eight Amendment.

(Doc. 28, p. 2).

Pursuant to **28 U.S.C. § 636(b)(1)(B)**, Magistrate Judge Proud submitted a Report on January 13, 2009 (Doc. 46). The Report addresses Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 46) which Judge Proud recommends should be denied.

Under **Rule 73.1 of the Local Rules of the Southern District of Illinois** parties have ten days in which to serve and file written objections to the Report "which shall specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." **SDIL-LR 73.1(b).** On February 9, 2009, Plaintiff asked for leave to file objections to the Report (Doc. 48). That same day, the Court granted Plaintiff's motion for leave to file objections (Doc. 49). Plaintiff filed objections to the Report (Doc. 50). On February 11, 2009, Defendant Hammersley filed a response to

Plaintiff's objections (Doc. 53).

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B);** FED. R. CIV. P. **72(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992).** The Court may "accept, reject or modify the recommended decision." FED. R. CIV. P. **72(b);** *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999).** In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made.

## II. Analysis

In order to obtain a preliminary injunction, Plaintiff must show that: (1) he is reasonably likely to succeed on the merits; (2) he will suffer irreparable harm absent an injunction in that he would have an inadequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm Defendant Hammersley will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. *See Joelner v. Village of Washington Park, Illinois*, **378 F.3d 613, 619 (7th Cir. 2004)(citing *Erickson v. Trinity Theatre, Inc.,* 13 F.3d 1061, 1067 (7th Cir. 1994));** *see also MacDonald v. Chicago Park District,* **132 F.3d 355, 357 (7th Cir. 1997)(per curiam).** The threshold consideration is "the moving party's likelihood of success on the merits of the underlying claim." *Platinum Home Mortg. Corp. v. Platinum Financial Group*, **Inc., 149 F.3d 722, 726 (7th Cir. 1998).** If Plaintiff meets the threshold

burden, then the inquiry becomes a "sliding scale" analysis where these factors are weighed against one another, "which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied." ***Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).**

The Court notes that it is hard to ascertain from Plaintiff's objections exactly what his objections are.[1] A review of the objections reveals that Plaintiff is objecting generally to Judge Proud's recommendation. **73.1(b)** provides that objections to the Report "shall *specifically identify* the portions of the proposed findings, recommendations, or reports to which objections is made and *the basis* for such objections." **SDIL-LR 73.1(b) (emphasis added).** Here, Plaintiff's objections fail to comply with what is required under **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b)**. See *Esposito v. Piatrowski*, **223 F.3d 497, 502 (7th Cir. 2000).** Instead, Plaintiff merely takes umbrage with Judge Proud's recommendation, arguing extensively as to why he needs a lawyer in order to prosecute this case.[2] In support

---

[1] Plaintiff does not cite any case law or statutes to support his arguments. Plaintiff's objections rather center on a lengthy discussion of his need for a lawyer and a request, at the very end of his objections, that this Court issue a temporary restraining order and preliminary injunction.

[2] The Court notes that Plaintiff has twice filed motions requesting appointment of counsel (Docs. 13 & 39). The Court denied those previous requests because Plaintiff had not made a diligent attempt in obtaining counsel on his own (Docs. 14 & 41). In denying those previous motions, the Court found that the issues in this case are not so complex that Plaintiff can not adequately present his cause without counsel. Further, pleadings filed by Plaintiff demonstrate that he is able to effectively communicate his position to the Court.

of his argument that he needs a lawyer, Plaintiff states that Judge Proud takes "everything the Defendant says at face value, and ignores what plaintiff says."[3] (Doc. 50, pg. 2). At the end of Plaintiff's objections, he requests the Court issue a temporary restraining order and preliminary injunction ordering Plaintiff to be examined by an outside psychiatrist and have his hemoglobin checked because "his sanity and well being [are] at risk so long as the Defendant and her agents are allowed to mis-diagnose Plaintiff." (Doc. 50, p. 3). Nowhere in Plaintiff's objections does he point to a specific portion of Judge Proud's findings or recommendations to which Plaintiff objects. Therefore, pursuant to **28 U.S.C. § 636(b)(1)**, the Court need not conduct a de novo review of the general objections. ***Thomas v. Arn*, 474 U.S. 140 (1985).**

Despite the fact that the Court need not conduct de novo review, the Court concludes that Plaintiff cannot meet the threshold burden that he has a likelihood of success on the merits of the underlying claim because the basis of his motion, regarding the sufficiency of psychiatric visits in 2008, is not at issue in this case. Plaintiff's current claim involves only the allegations that Defendant Hammersley was deliberately indifferent to Plaintiff's serious medical needs by taking Plaintiff off suicide watch on February 22, 2007 and failing to reinstate watch the following day. As Judge Proud suggests in his Report, if the plaintiff believes that the health care provided to him in 2008 is constitutionally deficient, he may make that

---

[3] Plaintiff points to Judge Proud's reference to entries in Plaintiff's medical record as an example of Judge Proud allegedly ignoring Plaintiff's arguments.

claim in another lawsuit, after exhausting his administrative remedies. Therefore, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 27) is **DENIED**.

## III. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 46).

The Court **DENIES** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 27).

**IT IS SO ORDERED.**

Signed this 23rd day of February, 2009.

/s/     DavidRHerndon

**Chief Judge**
**United States District Court**